(No. 32133.—

ELECTRO-MOTIVE DIVISION, GENERAL MOTORS CORPORA-TION, Defendant in Error, *vs.* THE INDUSTRIAL COM-MISSION *et al.*—(ALBERT D. JACKSON, Plaintiff in Error.)

*Opinion filed January 24, 1952.*

DIRECTOR, LIEBENSON & SHEPPARD, of Chicago, (HAROLD A. LIEBENSON, of counsel,) for plaintiff in error.

POPE & BALLARD, of Chicago, (LEWIS J. WEST, of counsel,) for defendant in error.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

By this writ of error plaintiff in error seeks reversal of an order of the superior court of Cook County reversing in part an award of the Industrial Commission to plaintiff in error.

On February 22, 1949, plaintiff in error, Albert Jackson, was working as an employee of Electro-Motive, the defendant in error, as a grinder. About 9:30 P.M., while so working, another employee, also working at the time, swung a twenty-pound sledge hammer which struck the petitioner in the back. He was struck at about the eleventh rib, about three inches back from the mid-auxiliary line. He was taken to the first-aid room and given massage by the nurse. He was removed by ambulance to the Little Company of Mary Hospital where he remained for two and one-half days. Thereafter the company doctor at the plant refused to treat him. He was then treated by a Dr. Morton until the last week in July.

Plaintiff in error then attempted several different jobs such as porter and handyman for an auto agency, and loading and unloading empty cartons and bottles from trucks through September, 1950. At all times he suffered severe pain in his back and left leg while performing such work.

Plaintiff in error filed a claim with the Industrial Commission of Illinois on March 3, 1949, on account of these injuries. The arbitrator found the issues in favor of plaintiff in error and awarded eleven weeks temporary total

compensation at the rate of $23.40 per week; 20% permanent loss of use of the left leg; and $66 for necessary first aid, medical, surgical, and hospital expenses. On review of the arbitrator's decision on defendant in error's petition, the Industrial Commission confirmed the arbitrator's award. Upon *certiorari* instituted by defendant in error, the superior court of Cook County set aside the award of the Industrial Commission only as to the award of 20% permanent loss of use of the left leg. The remainder of the award was affirmed. The only question thus presented here is whether, upon the evidence in the record, the superior court of Cook County erred in so reversing the findings of the Industrial Commission.

It is a well-settled proposition of law in this State that a question of fact as to the extent of an employee's injury is for the Industrial Commission to determine. While it is the duty of the court to weigh the evidence heard by the commission, the court has no right to substitute its judgment for that of the commission unless it is satisfied that the finding is manifestly erroneous or without substantial foundation. When there is evidence in the record which, considered by itself, sustains the finding of the commission, that finding will not be disturbed unless the court can say that the evidence to the contrary is so clear as to show that the finding is manifestly erroneous. (*Allen Son & Co.* v. *Industrial Com.* 349 Ill. 71; *Rosenfield* v. *Industrial Com.* 374 Ill. 176.) Three doctors testified for the plaintiff in error. Dr. Morton testified to pain symptoms in the left leg, that Jackson suffered a sacroiliac strain, that the Kernig test for mobility was positive in the left thigh, and that there could be a causal relationship between the accident and plaintiff in error's ill-being. Negative readings on mobility tests were stated as being the normal reading. Dr. Reiffel testified that the Laseague test was positive in the left leg on his different examinations, indicating an involvement of the sciatic nerve, that there were

symptoms of pain in the left leg, and there might be a causal connection between the accident and the present ill-being of plaintiff in error, and that his condition was permanent. Dr. Scheman testified that the Leseague test could be positive at times and negative at others where an injury was permanent, that X rays show a nerve involvement leading into the left leg, and that there is a direct relationship between the accident and the present condition of plaintiff in error.

The medical testimony presented by two doctors for the defendant in error is in direct conflict with the above testimony. Dr. Farmer, who treated plaintiff in error at the hospital, testified that he was concerned primarily with internal injury to the plaintiff in error and did not conduct a mobility or nerve-injury test. He discharged plaintiff in error as improved. Dr. Scuderi testified he examined plaintiff in error twice. He found all orthopedic tests to be negative, that all X rays showed plaintiff in error to be normal, and that plaintiff in error could perform any form of gainful labor or occupation.

From the record there is evidence which, considered by itself, does sustain the finding of the commission as to the 20% permanent loss of use of the left leg. The contrary evidence presented by the two doctors testifying for the defendant in error is not so clear that it can be said that the finding is against the manifest weight of the evidence. The testimony of the doctors for the plaintiff in error is in direct conflict. Where the finding of the Industrial Commission depends upon the adoption of one of two highly conflicting views of medical experts, this court will not undertake to decide which of the two groups is more worthy of belief. The determination of where the preponderance lies is pre-eminently a function of the Industrial Commission. (*Chicago, Wilmington & Franklin Coal Co.* v. *Industrial Com.* 400 Ill. 60; *Boutwell* v. *Industrial Com.* 408 Ill. 11.) The Industrial Commission,

being composed of experts in the field of workmen's compensation and having the benefit of a wide and protracted experience and of hearing and observing the demeanor of all witnesses, is best equipped to weigh the testimony and determine the facts. On this record, it was not within the province of the Superior court of Cook County to reverse the finding of the Industrial Commission as to the 20% loss of use of the plaintiff in error's left leg. Since the evidence is merely conflicting and the commission's finding is not against manifest weight of the evidence, its decision and order should not have been disturbed.

The judgment of the superior court is reversed and the award of the commission is confirmed.

*Judgment reversed; award confirmed.*