(No. 38656.—

CRANE COMPANY, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(WILLIAM B. PRITCHETT, Appellee.)

*Opinion filed March 18, 1965.*

DEFREES, FISKE, THOMSON & SIMMONS, of Chicago, (THOMAS J. JOHNSON, JR., EDWARD J. GRIFFIN, and MARVIN S. HELFAND, of counsel,) for appellant.

KLEIMAN, CORNFIELD & FELDMAN, of Chicago, (BARNARD KLEIMAN, JASON GESMER, and ALTON SHARPE, of counsel,) for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This is a direct appeal from a judgment of the circuit court of Cook County affirming the decision of the Industrial Commission in which the Commission had set aside the decision of the arbitrator and made an award to the claimant, William B. Pritchett, for total disability from an occupational disease—silicosis—arising out of and during the course of his employment by Crane Company.

In seeking to upset the award the employer, Crane Company, argues that there is no evidence sufficient to show either exposure to the hazards of silicosis or that the employee was disabled by silicosis. The employer also contends that the claim should have been dismissed for lack of proper statutory notice, and that certain medical testimony on behalf of the claimant was improperly introduced.

Pritchett was first employed by Crane Company in May, 1951, and was soon made a chipper in the steel cleaning

room in the foundry where he removed sand from castings with an air hammer. Sand blasters and wheel abraders were also located in the foundry.

After approximately nine months Pritchett was moved from the foundry to the machine shop where he would obtain sand from a locker 15 to 20 times a day to cover oil spills. In his operations he would also loosen foundry sand from castings with his machine. His duties in the machine shop also required him to return to the foundry to unearth bar stock from the foundry sand pit.

With the exception of a five-month layoff, Pritchett was employed by Crane Company from May 1951 to May 6, 1959 when he was laid off due to lack of available work. In July, 1959, he had a chest X-ray, and as a result he was given further tests, diagnosed as having tuberculosis, and in August, 1959, was admitted as a patient at a branch of the Municipal Tuberculosis Sanitarium. He was discharged from the sanitarium on May 9, 1960, and was thereafter examined by Dr. Perusse who diagnosed his disease as silicosis.

On June 1, 1960, Pritchett filed his claim for compensation under the Workmen's Occupational Diseases Act. (Ill. Rev. Stat. 1959, chap. 48, pars. 172.36 *et seq.*) It is conceded that no other notice of his disability was given Crane Company.

We must first consider the contention that claimant failed to comply with the notice requirements of the act. The statute provides:

"No proceedings for compensation under this Act shall be maintained unless notice has been given to the employer of disablement arising from an occupational disease as soon as practicable after the date of the disablement * * * * No defect or inaccuracy of such notice shall be a bar to the maintenance of proceedings on arbitration or otherwise by the employee unless the employer proves that he is unduly prejudiced in such proceedings by such defect or inac-

curacy. Notice of the disabling disease may be given orally or in writing. In any case, unless application for compensation is filed with the Commission within one (1) year after the date of the disablement, where no compensation has been paid, or within (1) year after the date of the last payment of compensation, where any has been paid, the right to file such application shall be barred." Ill. Rev. Stat. 1963, chap. 48, par. 172.41(c).

The first question to be resolved is whether notice of the filing of the claim itself can fill the office of the notice of disablement. According to the statute the notice to the employer may be oral or written. No form is prescribed, and no definite time limit is set. In *Armour & Co. v. Industrial Com.* 367 Ill. 471, the court stated that "the central thought and intention of the legislature was that such latitude and liberality in the matter of notice should be indulged as is consistent with the protection of the employer against unjust concealment of claims." See also *Hoeffken Brothers, Inc. v. Industrial Com.* 31 Ill.2d 405; *Republic Steel Corp. v. Industrial Com.* 26 Ill.2d 32.

This provision is far different from the detailed notice provisions made a condition precedent to suits against a municipality by the Cities and Villages Act, (*cf. Erford v. City of Peoria,* 229 Ill. 546) or the clear statutory time limit for filing of a claim under the Workmen's Compensation Act before the Industrial Commission. *Cf. Bushnell v. Industrial Board,* 276 Ill. 262.

One of the purposes of the instant statute is to protect the employer from concealed claims, and we conclude that under the circumstances of this case such purpose is fully served if the employer receives the required notice by the filing of the claim rather than by prior oral or written notice by the employee.

The next question is whether notice by filing the claim was not given "as soon as practicable after the date of disablement," to the prejudice of the employer. From a re-

view of the record we cannot say that the Commission erred in failing to dismiss the claim on this ground. The claim was filed approximately three weeks after claimant's release from the hospital and after the first diagnosis of silicosis. The record is not clear as to whether claimant had knowledge of a silicosis disablement, or opportunity to give notice prior to his release. In any event, we feel that the employer has made no adequate showing of prejudice resulting from any delay in giving notice.

We turn now to the employer's claim that the evidence was insufficient to permit the Commission to find either exposure to the hazards of silicosis, or that Pritchett contracted silicosis and was permanently disabled therefrom.

The evidence clearly shows that claimant came in contact with sand in the course of his employment and that there was silica content in the air where he worked. The exact silica content in the air is not clear from the record, and the testimony of expert witnesses is in sharp dispute as to the amount of silica dust and the duration of exposure necessary to create a hazard. In *National Malleable and Steel Castings Co.* v. *Industrial Com.* 377 Ill. 169, the court reviewed similar evidence, and concluded at page 173: "Sand contains silica and whether the sand with which Trojanowski worked was treated and handled in a way to avoid dust arising from it and exposing the workers to its hazard was a question of fact for the Industrial Commission, and its finding that he was exposed to such hazard can not, under the circumstances shown, be set aside as being against the manifest weight of the evidence." On this record we believe the Commission was justified in finding exposure to a hazard of silicosis.

A further question is raised regarding the proof that the claimant in fact contracted silicosis. In determining this issue we will not undertake to determine which group of medical experts is more worthy of belief, but will merely determine whether or not there is proper medical evidence

in the record sufficient to support the award. *Inland Steel Co.* v. *Industrial Com.* 18 Ill.2d 70; *Electro-Motive Division, General Motors Corp.* v. *Industrial Com.* 411 Ill. 224; *National Malleable and Steel Castings Co.* v. *Industrial Com.* 377 Ill. 169.

Both Dr. Perusse, who testified before the arbitrator, and Dr. Levine, who testified on review before the Commission, diagnosed claimant's disease as silicosis upon the basis of X-ray and clinical findings. In answer to hypothetical questions they were both of the opinion that his silicosis arose out of his employment. Without going into the highly technical phases of the disagreement between the various experts, we think that the testimony of these experts, if competent, sufficiently supports the award of the Commission.

Crane Company, however, moved to strike the testimony of both Dr. Perusse and Dr. Levine on the ground that they were not treating physicians and their testimony was based at least in part on the patient's history, and on each occasion the motion was denied.

The rule has often been stated that the opinion of a medical expert who does not treat the patient, but examines him for the purpose of testifying, is not admissible if it rests partly upon the expert's own observation, and partly upon a history of subjective symptoms supplied by others. *National Malleable and Steel Castings Co.* v. *Industrial Com.* 377 Ill. 169, 176; *Sanitary District of Chicago* v. *Industrial Com.* 343 Ill. 236; *Lehigh Stone Co.* v. *Industrial Com.* 315 Ill. 431; Anno. 51 ALR 2d 1051.

However, the mere fact that an examining physician obtains a history from the patient does not disqualify his expert testimony based on objective findings or upon a hypothetical question. *National Malleable and Steel Castings Co.* v. *Industrial Com.* 377 Ill. 169.

As we have stated the testimony of claimant's physicians on direct examination was proper but Crane Company in-

sists that their testimony on cross-examination clearly indicated an improper basis for their opinion. They single out the statement of Dr. Perusse that, "I think it is true that I do need the history to make my diagnosis in this case," and Dr. Levine's statement on cross-examination that some exposure to silica dust is necessary for a diagnosis of silicosis.

We have carefully examined the testimony of Dr. Perusse both on direct and cross-examination and we believe that his testimony had sufficient basis without relying on the history given by his patient. He stated that he had enough in the X rays without the history to support his diagnosis and would make the diagnosis without a history, but that no one could make a "complete" or "definite" diagnosis without some history. In essence the testimony of both Dr. Perusse and Dr. Levine on cross-examination merely indicated that they could not diagnose silicosis unless there was some history of exposure to silica dust. We therefore feel that the testimony of both doctors in response to the hypothetical question based upon facts previously in evidence, including evidence of exposure to silica dust, was proper.

We also feel that the evidence in the record sustains an award for permanent and total disability. Dr. Seitam, a medical expert for the Crane Company made an entry in the hospital records in 1960 that the claimant was not employable. There is ample evidence in the record that the claimant's breathing capacity and pulmonary function are grossly diminished and he is unable to engage in heavy manual work for which he is qualified. While claimant is not a total invalid, his incapacity for manual labor and his limited education are sufficient to sustain the finding of total disability. *J. I. Case Co.* v. *Industrial Com.* 378 Ill. 132; *Pullman Co.* v. *Industrial Com.* 356 Ill. 43.

In conclusion we feel that the medical evidence in the record, while conflicting, is sufficient to sustain an award

for permanent and total disability because of silicosis arising out of claimant's employment. (*Buda Co.* v. *Industrial Com.* 377 Ill. 215.) The judgment of the circuit court of Cook County is therefore affirmed.

*Judgment affirmed.*