(No. 39941.—

United States Steel Corporation, Appellant, *vs.* The Industrial Commission *et al.*—(Dushan Obradovich, Appellee.)

*Opinion filed October 28, 1966.*

Hackbert, Rooks, Pitts, Fullagar & Poust, of Chicago, (Daniel P. Socha and Douglas F. Stevenson, of counsel,) for appellant.

Kleiman, Cornfield & Feldman, of Chicago, (Jason Gesmer and Alton Sharpe, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Appellee, Dushan Obradovich, filed a petition before the Industrial Commission under section 19(h) of the Workmen's Compensation Act to recover for increased benefits alleged to be due from his employer United States Steel Corporation, appellant, due to an increase in disability which had occurred since the date of the injury for which he was previously awarded and paid compensation. The commission awarded additional temporary total disability, and the decision was affirmed by the circuit court of Cook County. Appellant has appealed to this court.

Section 19(h) of the Workmen's Compensation Act provides that any award under the act providing for compensation in installments may within a specified time after such award "be reviewed by the Commission at the request of either the employer or the employee, on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended." The statute further provides that "on such review compensation payments may be reestablished, increased, diminished or ended." Ill. Rev. Stat. 1965, chap. 48, par. 138.19(h).

On March 19, 1960, appellee was injured while in the employ of United States Steel Corporation. An application for adjustment of claim was filed, and after a hearing before an arbitrator, the commission, on July 17, 1961, awarded appellee 26%ths weeks of compensation for temporary total disability benefits and compensation for 15% loss of use of the right leg and 10% loss of use of the left leg. Neither party contested the original award, and no appeal was taken therefrom. Appellee filed a petition for review of the award under section 19(h) on January 7, 1964, alleging that the award of July 17, 1961, should be increased since petitioner's disability had increased since the date of the prior award. A hearing was held on Novem-

ber 19, 1964, at the conclusion of which the Industrial Commission entered a finding that the disability to the right leg had increased from 15% to 50% and that the disability to the left leg had increased from 10% to 35%. An order was entered directing the employer to pay appellee "additional temporary total disability benefits of 37⅝ths weeks at the rate of $46.00 per week, and in addition for a further period of 120 weeks due to the increase in disability."

The employer's primary contention on this appeal is that the evidence adduced at the 1964 review hearing before the commission did not show that appellee's disability had in fact increased since the original award was made on July 17, 1961. Appellee on the other hand contends that the evidence clearly established that his disability had increased. In order to resolve this issue, it is therefore necessary to examine the testimony at the original hearing, and compare it with that received at the proceeding for review instituted by appellee under section 19(h) of the act. *Belleville Brick and Tile Co.* v. *Industrial Com.* 305 Ill. 577; *Peoria Railway Co.* v. *Industrial Com.* 290 Ill. 177.

At the arbitration hearing in 1961, appellee testified that he received a back injury while piling channels of steel at the United States Steel Corporation plant where he worked. He testified that at the time of the hearing he had pain and stiffness in the right leg, pain in the right calf when walking, swelling of the right leg whenever he sat for any length of time, pain in the left hip and back pains upon bending and lifting. He further testified that his right leg caused him more trouble than his left. At the section 19(h) hearing on November 19, 1964, he testified that both his legs had become weaker since the 1961 hearing and that the pain had increased. He further testified that he suffered from pain in his lower back when standing and walking, that he had cramps in both legs which disturbed his sleep and made it difficult to perform normal household chores, that he suf-

fered from cramps which made it necessary for him to sit down and that he had to use his hands to support himself when sitting down or standing up from a sitting position.

At the 1961 arbitration hearing, Dr. George Perusse, who had examined appellee, testified that appellee's spine flexion was 40° (90° being normal), spinal extension was 10° (30° being normal), straight leg raising test for right leg 60° (90° being normal), straight leg raising test for left leg 80° (90° being normal), numbness in upper right leg, muscle tone substandard in both legs but most noticeable in right, and that appellee suffered from a lack of sensation in both legs, but particularly in his right leg. Dr. Perusse testified further that appellee suffered from lumbar disc syndrome involving both legs with pre-existent lumbo osteo arthritis, a permanent condition. He was of the opinion that appellee could perform light work not involving any heavy lifting. At the 1964 hearing, Dr. Samuel Rubert testified that appellee's spine flexion was 30° (compared to 40° in 1961), that his spinal extension was 0° (compared to 10° in 1961), that the straight leg raising test in the right leg was 50° (compared to 60° in 1961) and that the straight leg raising test for the left leg was 70° (compared to 80° in 1961). He further testified that appellee suffered from loss of sensation in his legs, poor muscle tone in both legs, and that he walked with a gait accompanied by spasm and swayed from side to side. He also testified that appellee suffered from residual disc syndrome changes, decompensation strain and nerve root irritation which was a permanent condition. He was of the opinion that appellee could perform no heavy work but might perform light work.

With regard to appellee's employment history, it appears that following the injury on March 19, 1960, he was operated on for a herniated disc in his low back. In September, 1960, the plant physician released appellee for light work but with restrictions of no bending, lifting or climbing.

No light duty work was then available so appellee was placed on sick leave by appellant. At the time of the hearing before the commission on July 16, 1961, appellee had not performed any work for about 10 months. Appellee returned to work on September 8, 1961, where he performed light duties as a burner helper until July 1, 1962. On the latter date, his job was eliminated and he was transferred to the labor gang for one week where his job involved cleaning and sweeping. These duties caused him an increase of pain in his back and legs and he was forced to lie down while at work. He then returned to work as a roll operator but again had trouble and found that he had to lie down at work. He testified that on the first day at work as a roll operator his legs became weak while standing and that he had cramps in both legs and had trouble sleeping that night. On the next day he became ill after working for a few hours and was sent by ambulance to the hospital. The plant physician examined him and prescribed rest for the defendant who was then sent home for a week. After a week of rest he was again released for restricted work with no lifting, bending or climbing. However, appellant had no light work available and appellee was again placed on sick leave. At the time of the 1964 hearing, appellee had not yet returned to work.

In summary then, there was testimony by appellee that his condition had deteriorated and his disability had increased. Furthermore, even though each of the two doctors who examined appellee prior to the 1961 and 1964 hearings did not perform identical tests, it is clear that certain of the tests which were performed at each examination revealed that appellee's condition had become worse. With regard to appellee's employment testimony, it appears that prior to the 1961 hearing he was released for certain light work, but never attempted to perform such work since no light work was available. After the 1961 hearing, appellee was able to perform light work for about nine months but then had

trouble and although released by a doctor to perform certain restricted light work, he had great difficulty in doing so and for all practical purposes was unable to perform satisfactorily any job which was then available to him. We believe that these factors and the other evidence in the record relative to appellee's condition on July 17, 1961, and his condition on November 19, 1964, support the commission's conclusion that appellee's disability had in fact increased and recurred since the 1961 hearing. The commission's award of additional compensation was therefore not in error.

Appellant contends further that Dr. Samuel Rupert read from a typewritten report of his examination of appellee and that the commission erred in permitting such testimony since the witness was not testifying from his own recollection and no attempt was made to establish that the report constituted a past recollection recorded. An examination of the record does not support appellant's contention that Dr. Rupert read from the written report. The doctor testified that he had no independent recollection of his examination of defendant but that he had made some notes which had been dictated into a machine and later transcribed into the written report which he had with him in the courtroom. Dr. Rupert used this report to refresh his memory, and it appears that after so doing, he testified from his own knowledge and recollection. This was a proper use of the written report. *People* v. *Krauser*, 315 Ill. 485; *People* v. *Chrisoulas*, 367 Ill. 85.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*