(No. 42148.—

John E. Fletcher, Appellant, *vs.* The Industrial Commission *et al.*—(Owens Illinois Glass Company, Appellee.)

*Opinion filed January 28, 1970.*

WILLIAM W. SCHOOLEY, of Granite City, for appellant.

KEEFE AND DE PAULI, of East St. Louis, for appellee.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

In February, 1967, an arbitrator found that John Fletcher had contracted silicosis while employed by Owens Illinois Glass Company, and awarded him benefits under the Workmen's Occupational Diseases Act. (Ill. Rev. Stat. 1965, ch. 48, par. 172.36 et seq.) After hearing additional evidence on review the Industrial Commission found that petitioner failed to prove that he was exposed to the hazards of an occupational disease and further failed to prove by a preponderance of the evidence that his condition resulted from his employment. The circuit court of Madison County affirmed the decision of the Commission and this direct appeal followed.

Petitioner was first employed by Owens Illinois Glass Company in March 1952. Prior to this employment he had worked for approximately 24 years as a coal miner. His first respiratory trouble occurred in December of 1952 at which time he was treated by Dr. Enis, the plant physician. He was later referred to Dr. Worcester who took X rays and found him in good health. The next respiratory problem occurred in 1955 and continued until 1961 when petitioner retired. At present he is totally and permanently disabled. For the first 17 months of his employment with respondent, petitioner worked in the maintenance department where he chipped cooled glass and brick with air hammers. Thereafter, until his retirement, he worked in the forming department as a floor boy and operator of a bottle-making machine.

At the hearing, Dr. Marvin Rosecan testified on behalf of petitioner that the employee's disability was advanced silicosis of the lungs without active tuberculosis, caused by exposure at respondent's plant. His diagnosis was based

upon X rays taken between August 16, 1953, and October 6, 1962, and the occupational history as related by petitioner. His opinion of causation was based on the fact that silicosis is a progressive condition, but that the progression shown on petitioner's X rays was not a natural progression of any pre-1952 condition because the findings in 1965 were beyond the range of any possible progression without further exposure.

On behalf of the respondent, Dr. Alfred Goldman testified that he treated petitioner from 1956 to 1961 and diagnosed his condition in 1956 as probable silicosis. He stated that in his opinion the condition was not caused by exposure at respondent's plant but by exposure during his prior employment in the coal mines. His opinion was based in part on an X ray taken in January 1952. On cross-examination, Dr. Goldman stated that if petitioner had an exposure to free silica after he started his employment with respondent, it could be a factor in prolonging the progressive stage of the disease.

From a hypothetical question, using data from dust studies by St. Louis Testing Laboratory made in 1964, Dr. Jerome Flance testified that the lesions as found on the X rays were not caused by his employment at respondent's plant. Based on the X-ray examination and the history as related in the hypothetical question, his diagnosis was silicosis which progressively worsened from 1953 to 1965.

Petitioner attempted to prove the existence of harmful free silica at respondent's plant through his own testimony and that of Roy McCoy, a former employee at the plant. In rebuttal, respondent offered the testimony of Edward Lanser and Willis Hazard both of whom had made air tests at the plant.

The principal issue before this court is whether the decision of the Industrial Commission is against the manifest weight of the evidence. Petitioner argues that the court should not consider the testimony concerning the X ray

taken in 1952 because it was not produced at the hearing and therefore there was no basis for cross-examination by him. Lacking this opportunity the testimony should not have been admitted. Accordingly, we do not consider the testimony of Dr. Goldman with respect to the pathology revealed on that X ray.

Petitioner also argues that the testimony concerning the results of air sample tests, taken three years after petitioner's employment terminated, should not have been admitted into evidence. However, petitioner did not object to the admission of this evidence and cannot now have the question reviewed. *Chicago Hansom Cab Co.* v. *Havelick*, 131 Ill. 179; *People* v. *Trefonas*, 9 Ill.2d 92.

Finally, petitioner argues that the hypothetical question used in the examination of Dr. Flance contained facts not properly in evidence. An objection based on a failure to include certain facts in a hypothetical question but without specifying the facts is not sufficient because it does not afford the examining party an opportunity to remedy the defect. (*Goldberg* v. *Capitol Freight Lines, Ltd.*, 382 Ill. 283.) Likewise, an objection based on the inclusion of certain facts not in evidence without specifying them is not sufficient. Petitioner objected to the hypothetical question but did not specify which facts were improperly included. Therefore, petitioner cannot now have the question reviewed.

In *Byrd* v. *Industrial Com.*, 33 Ill.2d 115, 117, discussing the question of proof, this court stated: "The burden rested on claimant to establish not only the existence of a disabling disease, but also a direct causal connection between the disease and the conditions of employment. [Citation.]" When confronted with conflicting medical testimony, it is "the function of the Commission to decide which of the medical experts [is] more worthy of belief." (33 Ill.2d at 117.) "This court will not discard permissible inferences drawn by the commission merely because it might have

drawn other inferences from the facts." (*Clifford-Jacobs Forging Co.* v. *Industrial Com.*, 19 Ill.2d 236, 245.) The evidence might permit an inference of silicosis in the petitioner. However, we do not find after a review of the record that the Commission's determination of failure to prove a direct causal connection with employment was against the manifest weight of the evidence. Therefore, the judgment of the circuit court of Madison County is affirmed.

*Judgment affirmed.*