(No. 48547.—

SAHARA COAL COMPANY, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Bob Bundren, Appellee.)

*Opinion filed April 5, 1977.*

Charles R. Jelliffe, of Jelliffe & Ferrell, of Harrisburg, for appellant.

J. E. Wenzel, of Gillespie, for appellee.

MR. JUSTICE DOOLEY delivered the opinion of the court:

In this workmen's compensation case the sole issue is whether an award of disability for approximately a year can be sustained when the only medical expert describes the disability as existing "a few weeks."

Claimant, Bob Bundren, suffered an injury on September 28, 1973, in the course of his employment by Sahara Coal Company. A hearing was held before an arbitrator on September 24, 1974. Claimant was given an award for temporary total disability for the period from the accident to the hearing, almost one year. There was no award for permanent disability. Both the Commission and the circuit court affirmed the award. The employer appeals.

It is undisputed that while claimant was operating a bulldozer it struck a rock and swerved suddenly. Claimant's body was then caused to be twisted. The accident aggravated a back injury which claimant had sustained in an unrelated accident in 1972.

Claimant testified at the hearing almost a year later that since the accident he had not returned to work because of his back problem, and that he was still taking weekly treatments from a chiropractor.

At the hearing on September 24, 1974, Dr. Ben Woodward, an orthopedist, testified on behalf of the employer. Dr. Woodward stated that the accident "was probably a temporary measure causing temporary inability over a few weeks time." The employer contends that in the light of this testimony there was no support for making an award for a period of a year. On cross-examination, however, Dr. Woodward admitted that the disabling condition of claimant's back could have lasted as long as a few months. The record also shows that one of the examinations of claimant on which Woodward based his testimony was made early in 1973 prior to the accident, while the other was not made until May of 1975. Woodward made no examination of claimant between September 1973 and September 1974, the period on which the award was based.

There were other facts to be considered. There was the nature of the injury, claimant's preexisting back problem, his failure to work from the date of the injury until the hearing, almost a year later, and his constant medical treatment over this period. Not to be overlooked is the fact that Dr. Woodward testified almost a year after the injury—a fact which in itself would make it almost impossible to describe the period of disability which followed the injury. It is the Commission which is the fact-finding body. As such, it considers all the evidence, draws inferences therefrom, and determines the credibility of the witnesses—to mention a few functions of any fact-finding body. See *Moore v. Industrial Com.* (1975), 60 Ill. 2d 197, 203.

We cannot agree with the employer's contention that the Commission must disregard the other evidence simply because it conflicts with the testimony of the sole medical expert. It is the Commission, not the witness, which was to make the ultimate decision. *Clifford-Jacobs Forging Co. v. Industrial Com.* (1960), 19 Ill. 2d 236, 245, *Merchants*

356

*National Bank of Aurora v. Elgin, Joliet & Eastern Ry. Co.* (1971), 49 Ill. 2d 118, 122.

The decision of the Commission was not contrary to the weight of the evidence, and the judgment of the circuit court is affirmed.

*Judgment affirmed.*