(No. 50673.—

BARNEY SHOCKLEY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Ozark Mahoning Co., Appellee.)

*Opinion filed March 20, 1979.*

Harris & Lambert, of Marion, for appellant.

Keefe & De Pauli, P.C., of East St. Louis, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

The Industrial Commission affirmed an arbitrator's award of $105.50 per week for 64 weeks for temporary total incapacity, and of $83.20 per week for 38 3/8 weeks for "permanent and complete loss of use of the left foot to the extent of 25% thereof" to the claimant, Barney Shockley. On two separate occasions, in September 1973 and April 1975, while in the course of his employment as a miner and driller with Ozark Mahoning Co. (hereafter Ozark), the claimant sustained injuries to his left foot and ankle. The claimant, contending the award was insufficient, appealed to the circuit court of Hardin County, which confirmed the award. Ozark did not cross-appeal from the Commission's award. The appeal is here under our Rule 302(a) (58 Ill. 2d R. 302(a)). Two issues are raised.

First, Should the testimony of Dr. William Costen, taken in a deposition for evidence and offered on behalf of Ozark, have been stricken by the Commission? The claimant argues that the testimony was inadmissible because Dr. Costen did not treat, but only once examined, the claimant, and because Dr. Costen's opinion was partly based on a history supplied by the claimant. Ozark failed to address this issue. The claimant correctly cites *Crane Co. v. Industrial Com.* (1965), 32 Ill. 2d 348, 353, for the

proposition that "the opinion of a medical expert who does not treat the patient, but examines him for the purpose of testifying, is not admissible if it rests partly upon the expert's own observation, and partly upon a history of subjective symptoms supplied by others." However, the claimant ignores the next sentence in *Crane:* "[T]he mere fact that an examining physician obtains a history from the patient does not disqualify his expert testimony based on *objective findings* or upon a hypothetical question." (Emphasis added.) (32 Ill. 2d 348, 353; accord, *Excelsior Leather Washer Co. v. Industrial Com.* (1973), 54 Ill. 2d 318, 325.) Stipulated facts established a causal connection between claimant's injury and employment, so it is doubtful Dr. Costen's testimony was offered for that purpose. Rather, it was offered for the purpose of establishing the extent of claimant's injury—the same purpose for which claimant and his witness testified. Moreover, apropos of the extent of claimant's injury, Dr. Costen's objective findings included, the record shows, examination of the claimant and of X rays of his foot and ankle. The testimony was properly admitted because his opinion was based on this examination rather than on the history supplied by the claimant.

Second, Was the decision of the Commission insufficient and contrary to the manifest weight of the evidence? The record before us persuades us that the decision was proper. The claimant testified that he had been hospitalized, was examined or treated by various physicians (including Drs. Costen and John Barrow), and felt pain in his back after the first accident on September 6, 1973. In April 1975 he returned to work, and, at the end of April, suffered the second injury. He testified that he has been regularly treated by Dr. Barrow; feels pain in his foot, ankle, leg and the lower region of his back; uses a cane; and has not been "released *** to go back to work." Dr. Barrow, an orthopedic surgeon, testified that the

claimant "sustained a severe, crushing type injury" to his left forefoot; has complaints of arthritis in and swelling on the foot; has pain in his back which "will continue to give him a considerable amount of trouble as long as he is as heavy as he is"; and will be unable to return to the same type of work. Dr. Costen, also an orthopedic surgeon, testified that he examined the claimant, who complained of nothing but his foot and ankle, only once; performed various tests and took X rays; and concluded that, despite the seriousness of the injury to the foot, the claimant would be able to work.

"The determination of the extent of disability is a conclusion based upon a proper evaluation of objective conditions or symptoms." (*Consolidated Freightways, Inc. v. Industrial Com.* (1976), 64 Ill. 2d 312, 319.) "It is primarily the province of the Commission to determine questions of fact, including ones relating to the nature and extent of disability." (*Ketchum v. Industrial Com.* (1969), 43 Ill. 2d 166, 168.) We cannot say that the testimony of the claimant and his witness, Dr. Barrow, was unrebutted as in *Kerz v. Industrial Com.* (1972), 51 Ill. 2d 319. Moreover, Dr. Costen stated that the claimant only complained of injury to his left foot and ankle. The Commission has the prerogative to decide disputed questions of fact; resolve conflicting testimony, including conflicting medical testimony; and draw reasonable inferences. (*Ford Motor Co. v. Industrial Com.* (1976), 62 Ill. 2d 337, 341-42.) Our role is not to discard the findings of the Commission, even though we might have decided differently on the same facts, unless those findings are contrary to the manifest weight of the evidence. We are unable to say they are here.

For these reasons the judgment of the circuit court of Hardin County is affirmed.

*Judgment affirmed.*