(No. 51283.-)

PEGGY WATTS, Appellant, v. THE INDUSTRIAL COM-
MISSION et al. (Glazier Sewing Factory, Division of
Rothley, Inc., Appellee).

*Opinion filed September 19, 1979.*

MORAN, J., took no part.

Wiedner & McAuliffe, of Chicago (John P. McAuliffe and Richard J. Leamy, Jr., of counsel), for appellant.

Gordon, Schaefer, & Gordon, Ltd., of Chicago (Michael W. Schaefer, of counsel), for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

Peggy Watts filed a claim under the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.1 *et seq.*) for injuries she allegedly sustained on August 5, 1974, while employed by the respondent, Glazier Sewing Factory. An arbitrator awarded the claimant total and permanent disability compensation, but the Industrial Commission reversed, holding that the claimant "failed to prove that she sustained accidental injuries arising out of and in the course of the employment." The Commission's decision was confirmed by the circuit court of Lake County. The claimant has brought a direct appeal to this court under Rule 302(a). 58 Ill. 2d R. 302(a).

The claimant's duties included the reversing of fur pile robes in order to expose the linings, which later would be sewed by other employees. The robes, each of which weighed about five pounds, were placed in a box on the floor near the employee's work station.

The claimant testified that on the morning of August 5, 1974, as she was picking up a large bundle of robes from one of the boxes, she felt pain and numbness through her left arm and leg. Claimant stated she felt this pain as she was bending over to pick up the robes. The claimant informed her supervisor of the incident and her pain, but the supervisor, she said, told her only: "To hell with it, you're not really hurt."

She completed work and that evening consulted Dr. George Czopiwsky, who prescribed medication and advised

her to take a week off. She returned to work one week later but continued to suffer, she testified, from a sharp and continuous pain throughout her left side.

The record shows that the claimant underwent extensive treatments, testing and medical examinations. She was hospitalized on four separate occasions and consulted at least 15 physicians. Treatments she received included physiotherapy, "manipulation" and massage, as well as acupuncture. The claimant also has taken various medications, including "vitamins and minerals," muscle relaxants, antidepressant drugs and tranquilizers.

She testified that at no time has she been free of the pain in her left upper and lower extremities. Her condition is described as a functional paralysis and she is required to use a cane. The claimant also testified that she is able to perform only minor household chores and that she has not been able to seek employment.

There were no medical witnesses for either the claimant or the respondent, but numerous medical reports offered by the claimant were received in evidence without objection. The reports show that none of the medical tests conducted has revealed any organic or neurological basis for the claimant's disorder. Nor was there any evidence of injury which could explain the reason for her functional paralysis. The record reveals the medical consensus that the claimant's disability has a psychosomatic origin. It is described as a conversion-type hysterical neurosis.

That was the conclusion of Dr. Benjamin Kesert, who examined the claimant at the respondent's request about 2½ months after the claimed accident. In his report it is stated:

> "Her present complaint is that her left arm and leg are paralyzed and that she has no feeling in these extremities. She uses a cane in her right hand to help her ambulate. Since the accident her lower back hurts her all the time.
>
> * * *

> The findings clearly show that Peggy's paralysis is purely psychological and not due to any injury or organic disease.
>
> Diagnosis:
>
> > Psychophysiological reaction, conversion type (hysteria) causing functional paralysis, left arm and leg.
>
> Recommendation:
>
> > Psychotherapy is necessary. Psychological tests to study the underlying reasons for the above condition."

A finding by the Commission will be set aside only if it is contrary to the manifest weight of the evidence. (*Motor Wheel Corp. v. Industrial Com.* (1979), 75 Ill. 2d 230; *National Lock Co. v. Industrial Com.* (1979), 75 Ill. 2d 259; *Zimmerly Construction Co. v. Industrial Com.* (1972), 50 Ill. 2d 342.) Recovery under the Workmen's Compensation Act is not limited to disabilities from physical injury but may be allowed, under certain circumstances, for disability from psychological causes. (*Pathfinder Co. v. Industrial Com.* (1976), 62 Ill. 2d 556; *Spetyla v. Industrial Com.* (1974), 59 Ill. 2d 1; *City of Chicago v. Industrial Com.* (1974), 59 Ill. 2d 284; *Allis Chalmers Manufacturing Co. v. Industrial Com.* (1974), 57 Ill. 2d 257. See also 1B A. Larson, Workmen's Compensation sec. 42.22 (1979).) We do not consider, however, that the finding of the Commission which reversed the arbitrator's award was contrary to the manifest weight of the evidence.

As we have stated, there was no medical testimony connecting the claimant's alleged injury and her disability. Nor was there any statement in the many medical reports that her condition was caused by any accident during her employment. The reports which were admitted on her own motion reveal her inconsistent versions as to how she sustained the claimed injury.

She testified she first experienced the pain while she was about to pick up a bundle of fur robes. In a medical report of Dr. George Czopiwsky, the claimant's original

physician, dated approximately two weeks after her claimed injury, it was noted that the patient stated she had sustained the injury two or three days prior to the time that the numbness and pain appeared and that these symptoms were felt in both arms and not just her left side. In the same report claimant is stated to have said, contrary to her testimony, that the injury was received when a box fell on her left shoulder. Also, a report prepared by Dr. Galo Tan, a neurologist, states that the injury was sustained when a bag she was lifting fell on her left shoulder. The report also indicates that the claimant was not hurt at the time of this incident but that the pain developed gradually.

The credibility of the claimant's testimony was a question for the Industrial Commission (*Scott v. Industrial Com.* (1979), 76 Ill. 2d 183; *Myszkowski v. Industrial Com.* (1977), 68 Ill. 2d 205), and we cannot say the Commission's findings that the claimant "failed to prove that she sustained accidental injuries arising out of and in the course of the employment" was contrary to the manifest weight of the evidence.

Accordingly, the judgment of the circuit court of Lake County is affirmed.

*Judgment affirmed.*

MR. JUSTICE MORAN took no part in the consideration or decision of this case.