(No. 52722.—

CANON T. JOHN, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Peoria Goodwill Industries, Inc. Appellee).

*Opinion filed June 30, 1980.—Rehearing denied September 26, 1980.*

146

Lindholm & Williamson, of Peoria (Harold G. Lindholm and Nile J. Williamson, of counsel), for appellant.

Henry D. Noetzel & Associates, Ltd., of Peoria (John E. Mitchell, of counsel), for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

Canon T. John injured his back on April 12, 1976,

while lifting boxes at the Goodwill Industries, Inc., in Peoria, where he was employed as "Director of Operations." John filed a claim under the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.1 *et seq.*), and after a hearing an arbitrator, on October 24, 1977, awarded him a total of 14 weeks of compensation benefits for temporary total disability and for the "permanent and complete loss of the use of the left leg to the extent of 5%." The respondent refused to pay certain medical expenses the claimant incurred shortly after the hearing before the arbitrator, and the claimant filed a petition for review with the Industrial Commission. In the petition for review the claimant not only challenged the correctness of the arbitrator's award but also addressed the Commission on the respondent's refusal to pay for the post-hearing medical services. The Commission affirmed the arbitrator's award and denied the claim for the post-hearing medical expenses. The circuit court of Peoria County confirmed the Commission's decision and the claimant appealed directly to this court under Rule 302(a)(2) (73 Ill. 2d R. 302(a)(2)).

John's responsibilities as the Director of Operations at Goodwill Industries included the supervision of 23 employees, most of whom were disabled. Goodwill Industries is a charitable organization serving the handicapped. Its activities include an operation which accepts clothing, furniture, electrical appliances and other articles from businesses and individuals and restores and sells them to members of the public. Claimant's work also required him to perform some manual labor, particularly when donated goods arrived and had to be distributed to various departments.

On the day he was injured, April 12, 1976, the claimant had just finished unloading 30 boxes of assorted merchandise, each weighing approximately 25 pounds, when he felt a sudden pain in his lower back. Upon

notifying his supervisor of the incident he left work early. The claimant stated that he was unable to schedule an appointment with a doctor until April 15, three days later. He was examined by his personal physician, Dr. Edward Smith, who took X ray's and prescribed pain medication. Dr. Smith diagnosed the condition as one of lumbrosacral strain. After an examination on May 10 revealed marked improvement the claimant returned to work. He continued as the Director of Operations until November 8, 1976. During this period the claimant had no apparent physical difficulties in performing his duties, though he did receive therapy treatments twice a week until September.

Complaining of pain, the claimant, on November 9, was admitted to Proctor Hospital in Peoria under the care of Dr. Smith. He was placed in traction and given physical therapy treatments. His condition was diagnosed at Proctor as a L-5 root-compression syndrome of the lower back and left leg. The claimant was discharged from the hospital on December 4, claiming there was no significant improvement in his condition.

He continued to experience pain in the lower region of his back and throughout his left leg. In January of 1977 Dr. Smith observed that, considering the nature of the claimant's condition, he "would anticipate a rather lengthy course for his disability." Surgery was considered but opposed by the claimant, and it was decided that he would continue to receive conservative treatment.

The claimant was terminated from his job at Goodwill Industries on February 24, 1977. Except for two three-month periods of employment in 1978 as an office worker he has not worked since November 8, 1976. The claimant testified that he is still seeking employment. John filed his workmen's compensation claim in July 1977 and, as stated, the arbitrator's award was handed down on October 21, 1977.

Immediately following the arbitration proceeding the claimant was referred by Dr. Smith to Dr. Xuan Truong at the Institute of Physical Medicine and Rehabilitation of St. Francis Hospital in Peoria. Dr. Truong concluded that the claimant was suffering from chronic lumbrosacral strain with left sciatica, and between October of 1977 and March of 1978 the claimant, as an outpatient, underwent a program of heat treatment, massage and pelvic traction. He continues to visit Dr. Truong periodically for treatment.

There is no dispute that the claimant suffered a compensable accident on April 12, 1976. It appears that all of the medical expenses of the claimant were satisfied by the respondent with the exception of those for the services of Dr. Truong, which were rendered after the arbitrator's award. The question for us is whether the Commission's decision affirming the arbitrator's award and upholding the respondent's refusal to pay for the services of Dr. Truong was contrary to the manifest weight of the evidence. *Morgan Cab Co. v. Industrial Com.* (1975), 60 Ill. 2d 92, 101.

As stated, there is no dispute by the parties that the claimant suffered an accident on April 12, 1976. The claimant contends that the arbitrator's award was inadequate and that the Commission's finding which affirmed it was contrary to the manifest weight of the evidence. He argues that the necessity of his continuing treatment by Dr. Truong substantiates the claim that his current condition was caused by the April 12 injury. The respondent on the other hand says that the Commission's decision was not in error, noting that the claimant returned to work on May 11, 1976, and worked continuously until November of that year, when he entered the hospital. The respondent suggests that the claimant must have sustained another accident which was not work related subsequent to the accident of April 12, 1976, which was responsible for the

condition that required the services of Dr. Truong. Dr. Truong, on cross-examination, acknowledged that the claimant's condition could have been caused by some new trauma or that it could be attributable to an aggravation of an old trauma. To say, however, as the respondent said in the summary sheet for oral argument it filed with the Commission, that Dr. Truong said that the claimant had a second accident ("The Petitioner had a second accident per the testimony of his medical witness") is misleading and incorrect. Incorrect, too, is the statement in the respondent's brief that Dr. Truong in his testimony "disclosed an intervening incident which the doctor felt could have been an aggravating or new trauma."

We recently stated in *O'Dette v. Industrial Com.* (1980), 79 Ill. 2d 249, 253:

"In a workmen's compensation proceeding the claimant has the burden of proving by a preponderance of the evidence the elements of his claim and, in particular, that his injury arose out of and in the course of his employment. (*Johnson Outboards v. Industrial Com.* (1979), 77 Ill. 2d 67; *Health and Hospitals Governing Com. v. Industrial Com.* (1975), 62 Ill. 2d 28.) It is the function of the Industrial Commission to decide questions of fact and causation (*Stewart Warner, Datafax Corp. v. Industrial Com.* (1979), 76 Ill. 2d 464; *County of Cook v. Industrial Com.* (1977), 69 Ill. 2d 10), [and] to judge the credibility of witnesses (*Watts v. Industrial Com.* (1979), 77 Ill. 2d 30; *Sahara Coal Co. v. Industrial Com.* (1977), 66 Ill. 2d 353) ***. Though a court might draw different inferences from the evidence, it is axiomatic that findings of the Industrial Commission will not be reversed unless they are against the manifest weight of the evidence. *Phelps v. Industrial Com.* (1979), 77 Ill. 2d 72."

The extent and permanency of an employee's medical disability are also questions for the Industrial Commission. *Gates Division, Harris-Intertype Corp. v. Industrial Com.* (1980), 78 Ill. 2d 264, 270; *Hiram Walker & Sons, Inc. v. Industrial Com.* (1978), 71 Ill. 2d 476, 479.

Tending to support the finding of the Commission as to the extent of the loss of use, the record shows that Dr. Smith, in July 1977, considered that the claimant had made a significant clinical improvement regarding his low back condition and nerve-root problem. Also, Dr. Truong in January 1978 administered a test which showed there was no electrical evidence of nerve damage in the lower extremities or back muscles. Upon reviewing the evidence we cannot say that the decision of the Commission affirming the arbitrator's award and denying the claim for the involved medical expenses was contrary to the manifest weight of the evidence. Accordingly, the judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*