(No. 57054.—)

CESAR ALANIZ, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Abex Corporation-Amsco Division, Appellee).

*Opinion filed March 25, 1983.*

Cornfield and Feldman, of Chicago (Linzey D. Jones, of counsel), for appellant.

Raymond M. Simard, of Discipio, Martay, & Caruso, of Chicago, for appellee.

JUSTICE UNDERWOOD delivered the opinion of the court:

Claimant, Cesar Alaniz, suffered a hernia on June 10, 1977, arising out of and in the course of his employment as a maintenance repairman for respondent, Abex Corporation-Amsco Division. An Industrial Commission arbitrator awarded compensation under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*) for temporary total incapacity, but concluded that claimant had failed to prove that his injury resulted in any permanent disability for which benefits were payable. That decision was affirmed by the Commission, and subsequently confirmed by the circuit court of Cook County. Claimant appealed directly here pursuant to our Rule 302(a) (73 Ill. 2d R. 302(a)).

Claimant testified that his injury occurred when he and a fellow employee were removing a metal casting weighing 75 to 200 pounds from a hydraulic ramp. They slipped on some oil and fell with the casting coming to rest on claimant's knee. He felt pain in the right groin and back, going down into the right leg. He sat in the office for the remainder of his shift and the next morning reported to the company nurse, who sent him to Dr. Bonick, the respondent's doctor. The diagnosis was acute right inguinal strain. He saw Dr. Bonick on two occasions, receiving pain pills and returning to work each time.

Two and one-half weeks after the injury claimant went to his own physician, Dr. Florcruz, who diagnosed the hernia, hospitalized him from June 27 to July 2, and surgically repaired the hernia. Claimant returned to work on August 29. He also testified that he had suffered a hernia on the left side which was not work related, and which had been operated on about a year earlier.

Claimant further stated that at the time of the March

1979 hearing before the arbitrator he experienced "pain in my groin and go to my leg and back" when stooping and lifting heavy objects. Further questioning indicated the areas involved were the right leg and the "right side of the back just below the belt." He also stated that Dr. Florcruz had not treated either his leg or back and that he had seen no doctor since last visiting Dr. Florcruz about two weeks after returning to work. Claimant also testified that as a result of a heart condition unconnected to the injury he had been restricted to lighter duty at work involving no climbing and lifting no more than 30 pounds.

Copies of medical and hospital reports were admitted into evidence. Claimant relies principally upon the report of Dr. Robert Busch, who examined him in December 1978. Dr. Busch diagnosed claimant's condition as "Bilateral lumbosacral strain sciatic radiation spasm right, radicular radiation spasm left. Right Sciatica. Left Radiculitis. Traumatic industrial hernia right inguinal area. Post-operative scarring right inguinal area. Myositis musculature right inguinal area." It was agreed that Dr. Busch would, if present, testify in response to a hypothetical question that there could be a causal relation between the conditions of ill-being and the June 10 incident.

Dr. Florcruz' report of his physical examination of claimant indicated no problem other than the hernia, and the hernia-operation explanation indicated a favorable prognosis. The doctor's summary when claimant was discharged indicated he had done well and repeated the favorable prognosis.

A report of a June 21, 1978, examination of claimant by Dr. A. J. Sweeney was offered by respondent and admitted with the understanding that if called as a witness the doctor would testify to the objective findings contained in the report. The only paragraph therein which

seems to contain "findings" reads: "EXAMINATION reveals a well healed right inguinal hernia repair scar. There is no evidence of hernia on either side and the external genitalia are normal."

Claimant also testified that at the time of the March 1979 hearing he continued to suffer pain when stooping and lifting heavy objects. Although he had returned to work following the surgery he was restricted to lighter duty. According to his testimony, however, the restriction was the result of a heart condition and unconnected with the hernia.

Claimant now urges that his hernia constituted a serious and permanent injury resulting in physical impairment. He contends that the legislature, by amending section 8(d) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.8(d)) in 1975, specifically intended to provide benefits for such injuries under section 8(d)(2) without proof of a resulting loss in earnings. The relevant portion of section 8(d)(2) provides:

"2. If, as a result of the accident, the employee sustains serious and permanent injuries not covered by paragraphs (c) and (e) of this Section, or having sustained injuries covered by the aforesaid paragraphs (c) and (e), he shall have sustained in addition thereto other injuries which injuries do not incapacitate him from pursuing the duties of his employment but which would disable him from pursuing other suitable occupations, or which have otherwise resulted in physical impairment; or if such injuries partially incapacitate him from pursuing the duties of his usual and customary line of employment but do not result in an impairment of earning capacity, or having resulted in an impairment of earning capacity, the employee elects to waive his right to recover under the foregoing subparagraph 1 of paragraph (d) of this Section, then in any of the foregoing events, he shall receive in addition to compensation for temporary total disability under paragraph (b) of this Section, compensation at the rate provided in subparagraph 2 of paragraph (b) of this Section for that percentage of 500 weeks that the partial disabil-

ity resulting from the injuries covered by this paragraph bears to total disability." (Ill. Rev. Stat. 1975, ch. 48, par. 138.8(d)(2).)

We note that the language of the subsection under which claimant's injury falls provides coverage for "serious and permanent injuries not covered by paragraphs (c) and (e) of this Section." (Ill. Rev. Stat. 1975, ch. 48, par. 138.8(d)(2)), but makes no reference to physical impairment, as distinguished from disability, for which compensation is provided.

It is unnecessary for us to decide whether claimant's view of section 8(d)(2) is correct, however, since there is no evidence in this record indicating that claimant's hernia resulted in any permanent partial disability or impairment, or, if so, the extent thereof in relation to total disability. Consequently, the Industrial Commission's conclusion that claimant did not suffer any permanent injury for which benefits are payable cannot be said to be contrary to the manifest weight of the evidence even if claimant's interpretation of section 8(d)(2) were to be accepted. See *Globe Cab Co. v. Industrial Com.* (1981), 86 Ill. 2d 354; *Shockley v. Industrial Com.* (1979), 75 Ill. 2d 189. Compare *Walden v. Industrial Com.* (1979), 76 Ill. 2d 193; *Shockley v. Industrial Com.* (1979), 75 Ill. 2d 189.

The judgment of the circuit court, confirming the decision of the Industrial Commission, is accordingly affirmed.

*Judgment affirmed.*