BRIAN DEXHEIMER, Appellant, v. THE INDUSTRIAL COMMISSION et al., Appellees.

First District (Industrial Commission Division)   No. 1—89—2255WC

Opinion filed August 24, 1990.

Steck & Spataro, of Chicago (George S. Spataro, of counsel), for appellant.

Law Offices of Roderick J. Bergin, of Chicago (Neal K. Wishnick, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Petitioner, Bruce Dexheimer, brought an emergency petition pursuant to section 19(b—1) of the Worker's Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*), seeking a continuation of temporary total disability benefits for injuries sustained while working for respondent, Flying Tigers. The arbitrator found that petitioner was not entitled to temporary total disability benefits after June 1, 1988. The Industrial Commission (Commission) affirmed the decision of the arbitrator, and the circuit court of Cook County confirmed the decision of the Commission. Petitioner appeals, citing as error the admission into evidence of the deposition testimony of an evaluating physician and the failure to admit into evidence the deposition testimony of one of his treating physicians. Petitioner additionally contends that the findings of the Commission are against the manifest weight of the evidence.

Petitioner was employer by respondent on June 5, 1985. On that date, he sustained work-related injuries to his cervical spine, neck and shoulders, sacral spine and torso, lower extremities, and left arm and elbow. Petitioner received treatment for his injuries from the Franklin Park Medical Clinic, Dr. Wayne Patrosky, Dr. Mark Lorenz, Dr. Ronald Sage, and Dr. Michael Gonzales.

During the period from June 5, 1985, through June 1, 1988, petitioner underwent a course of treatment involving a discectomy at the L5-S level of his lumbro-sacral spine and a program of rehabilitative physical therapy. Dr. Gonzales was petitioner's treating physician during a large portion of this period. During therapy, petitioner developed an acute sesamoiditis of the right foot and was referred to Dr.

Sage for additional treatment.

Petitioner returned to work on September 5, 1986, but was unable to continue full-time employment due to pain in his cervical area, lumbro-sacral area and right foot. He began to limp and experience tightness and spasms in his back, with pain radiating down his legs. He indicated that he had trouble bending, twisting, walking, lifting and squatting. Dr. Gonzales took him off work again. Petitioner has not returned to work with respondent and remains under the care of Drs. Gonzales and Sage.

Petitioner, however, continues to operate Dex Contracting, Inc., a company which he organized on July 2, 1987. The company operates from April to October installing swimming pools.

Donald Musil, a private investigator, testified for respondent that he conducted a surveillance of petitioner. On May 12, 1988, Musil observed petitioner driving a truck loaded with topsoil. After the topsoil was dumped onto a driveway, Musil saw petitioner with a shovel in his hand, taking the shovel with dirt to a flower bed in front of a nearby house. Petitioner and his wife removed one-half of the soil from the truck, which was 15 to 16 feet long. Musil observed nothing unusual about petitioner's gait while he was shoveling and raking.

Dr. George Cooper examined petitioner for respondent. Dr. Cooper testified in a deposition that in his opinion, petitioner had no impairment to motion or function and that he could return to work and do all his ordinary activities. Dr. Cooper concluded that petitioner had been overtreated and that any further treatment was an iatrogenic reinforcement.

On appeal, petitioner contends that the admission of Dr. Cooper's testimony into evidence was improper and prejudicial. Petitioner maintains that Dr. Cooper read his report into the record without the proper foundation having first been laid. Petitioner argues that the evidence qualifies neither as present recollection refreshed nor past recollection recorded.

■■ ■ Initially we note that in a proceeding before the Commission, the Illinois rules of evidence govern. (50 Ill. Adm. Code §7030.70 (1985).) In Illinois, when a witness has no independent recollection of facts within his knowledge, the witness may be permitted to refresh his memory by the use of a writing, provided, however, the witness can, after inspecting the writing, speak to the facts from his own recollection. (*United States Steel v. Industrial Comm'n* (1966), 35 Ill. 2d 506, 221 N.E.2d 258; *People v. Griswold* (1950), 405 Ill. 533, 92 N.E.2d 91.) If, after inspecting the writing, the witness cannot speak to the facts from his own recollection, the documents may be admit-

ted into evidence as past recollections recorded. (*Diamond Glue Co. v. Wietzychowski* (1907), 227 Ill. 338, 81 N.E. 392; *Noumoff v. Rotkvich* (1967), 88 Ill. App. 2d 116, 232 N.E.2d 107.) In order for documents to be admitted as past recollections recorded, the following requirements first must be met: the genuineness of the writing and the accuracy of its contents must be established through foundation testimony; the writing must have been made contemporaneously within or shortly after the event or happening that it alleges to record; and the writing must have been made by the witness or someone under his direction with certain guarantees of correctness. *Noumoff v. Rotkvich*, 88 Ill. App. 2d 116, 232 N.E.2d 107.

Dr. Cooper's testimony was taken by deposition, partially conducted at his office and partially at the Commission in the presence of the arbitrator. Throughout Dr. Cooper's testimony, attorneys for petitioner and respondent disputed whether the doctor was reading directly from his report or was using his report to refresh his recollection. During one of the colloquies, Dr. Cooper stated that he was not reading directly from his report. Respondent's counsel noted that the doctor was not reading word for word from the report, but rather, was referring to the report on occasion. Petitioner's counsel stated that the doctor was reading directly from the report. The arbitrator found that Dr. Cooper's manner of testimony was not contrary to the law and permitted the deposition to go into the record in its entirety. The Commission confirmed this finding.

■■ ■ The trial court, or here, the Commission, has considerable discretion to determine whether the writing does in fact revive the witness' recollection. (See *People v. Black* (1980), 84 Ill. App. 3d 1050, 406 N.E.2d 23; *City of Crystal Lake v. Nelson* (1972), 5 Ill. App. 3d 358, 283 N.E.2d 239.) Thus, the issue of whether the doctor read directly from his report or referred occasionally to his report is one which properly belongs to the Commission. Moreover, it is the function of the Commission to decide questions of fact. (*Johns v. Industrial Comm'n* (1980), 81 Ill. 2d 145, 407 N.E.2d 61.) The decision of the Commission will be disturbed only if it is against the manifest weight of the evidence. *Certi-Serve, Inc. v. Industrial Comm'n* (1984), 101 Ill. 2d 236, 461 N.E.2d 954; *Roberts v. Industrial Comm'n* (1983), 93 Ill. 2d 532, 445 N.E.2d 316.

■■ We believe the Commission properly resolved the conflicting positions of petitioner and respondent with respect to Dr. Cooper's manner of testimony. The arbitrator heard the arguments of counsel, reviewed applicable case law, and personally observed a portion of Dr. Cooper's testimony. The Commission determined that the testimony

was properly admitted, and our review of the record reveals no basis for disturbing that determination.

Petitioner next contends that the deposition testimony of Dr. Gonzales, petitioner's treating physician, was improperly barred. Petitioner maintains that although Dr. Gonzales' deposition was taken outside the presence of opposing counsel in contravention of the rules of the Commission (50 Ill. Adm. Code §7030.60 (1985)), it nonetheless should be admitted because of the emergency nature of a section 19(b—1) hearing.

■■ Petitioner essentially urges this court to find that the rules of the Commission do not apply with full force when a section 19(b—1) petition is involved. However, we need not reach this issue. A review of the record reveals that the medical records of Dr. Gonzales were admitted into evidence in their entirety and provided ample grounds for the Commission's decision. Specifically, the record contains the medical records of Dr. Gonzales beginning in April 1986 and continuing through August 1988. Those records include patient intake forms, prescriptions, responses to insurer's requests, physician's notes and various reports. All of these records were available to the Commission, including the reports upon which petitioner bases his claim for additional temporary total disability benefits. The Commission reviewed these reports and concluded that there were no objective medical findings, related to the June 5, 1985, accident, which would serve as a basis for awarding additional benefits. In view of the extensive and detailed reports available to the Commission, we find that petitioner was not prejudiced in any way by the Commission's refusal to admit the deposition testimony of Dr. Gonzales and, in fact, admission of that testimony would have been cumulative.

Petitioner finally contends that the Commission's determination that he was not entitled to temporary total disability benefits after June 1, 1988, was contrary to the manifest weight of the evidence. Petitioner maintains that the records of his treating physician together with other testimony presented at the hearing establish that as of June 1, 1988, he continued to have a work-related disability.

■■ It is the province of the Commission to weigh and resolve conflicts in testimony, including medical testimony, and to choose among conflicting inferences therefrom. (*Pazara v. Industrial Comm'n* (1980), 81 Ill. 2d 76, 405 N.E.2d 767; *Shockley v. Industrial Comm'n* (1979), 75 Ill. 2d 189, 387 N.E.2d 674; *Fletcher v. Industrial Comm'n* (1970), 44 Ill. 2d 359, 255 N.E.2d 403.) It is only when the decision of the Commission is without substantial foundation in the evidence or its finding is manifestly against the weight of the evi-

dence that the findings of the Commission should be set aside. (*Olympic Commissary Co. v. Industrial Comm'n* (1939), 371 Ill. 164, 20 N.E.2d 86.) That is, a reviewing court will not discard the findings of the Commission, even though it might have decided differently on the same facts, unless such findings are contrary to the manifest weight of the evidence. *Shockley v. Industrial Comm'n*, 75 Ill. 2d 189, 387 N.E.2d 674; *Riteway Plumbing v. Industrial Comm'n* (1977), 67 Ill. 2d 404, 367 N.E.2d 1294.

■ The Commission reviewed the records and reports of petitioner's treating physician as well as the evidence from Dr. Cooper. Dr. Cooper concluded that petitioner was not currently suffering from a work-related injury and had, in fact, been overtreated. It is true that Dr. Cooper's conclusions are not compatible with those of Dr. Gonzales. However, when confronted with conflicting medical opinions, it is the function of the Commission to decide which evidence is more worthy of belief. (*Fletcher v. Industrial Comm'n*, 44 Ill. 2d 359, 255 N.E.2d 403.) The Commission chose to credit Dr. Cooper's findings, and we find no basis to disturb the Commission's decision, particularly in view of the fact that those findings were corroborated by the private investigator, who observed petitioner raking and shoveling topsoil with no visible movement impairment. We find that the Commission's determination with regard to the extent of petitioner's disability was not manifestly erroneous.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

BARRY, P.J., and WOODWARD, McCULLOUGH, and LEWIS, JJ., concur.